IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS DEWAYNE MCQUEEN, | ) | |
| AIS # 177303, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-CV-609-WKW |
| | ) | [WO] |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marcus Dewayne McQueen, proceeding *pro se*, filed this 42 U.S.C. § 1983 action alleging multiple constitutional violations while in the custody of the Alabama Department of Corrections (ADOC). For two reasons, this action will be dismissed without prejudice.

**A.   Three-Strikes Bar Under 28 U.S.C. § 1915(g)**

Plaintiff has filed at least three federal lawsuits that have been dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. *See* 28 U.S.C. § 1915(g). Hence, he was required to

pay the $405.00 filing fee at the time he initiated this action, but he failed to do so.[1] This failure requires dismissal of this action without prejudice.

The Prison Litigation Reform Act (PLRA) imposes restrictions on civil rights lawsuits filed by inmates in federal court. One restriction is known as the "three strikes" provision, which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* Section 1915(g)'s purpose is "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam); *see also Wells v. Brown*, 58 F.4th 1347, 1355 (11th Cir. 2023) ("By taking away the privilege of proceeding in forma pauperis from prisoners who have struck out, the rule is 'designed to filter out the bad claims and facilitate consideration of the good.'" (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under this statutory provision, if a prisoner has three or more qualifying dismissals ("strikes") and fails to pay the required $405.00 fee at the time the new complaint is filed, the court must dismiss the case without

---

[1] If a person is not granted *in forma pauperis* status under 28 U.S.C. § 1915, the filing fee for a non-habeas civil action includes a $350.00 statutory fee under 28 U.S.C. § 1914(a) and a $55.00 general administrative fee, as set forth in § 1914(b) and the District Court Miscellaneous Fee Schedule established by the Judicial Conference of the United States.

prejudice. *Dupree*, 284 F.3d at 1236. As the Eleventh Circuit explained in *Dupree*, the three-striker cannot cure such failure by paying the filing fee after the complaint has been filed:

> We conclude that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.

*Id.*; *accord Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021).

Plaintiff has filed numerous civil actions in the federal courts of Alabama while incarcerated and has accumulated at least three strikes under § 1915(g).[2] *See, e.g.*, *McQueen v. City of Birmingham*, Civil Action No. 2:14-cv-1201-VEH-JEO (N.D. Ala. filed June 24, 2014) (dismissed on March 9, 2015, under 28 U.S.C. § 1915A(b)(1)–(2) for failing to state a claim for relief and seeking relief against defendants immune from suit), ECF Nos. 19, 20, 21; *McQueen v. Keith*, Civil Action

---

[2] Courts regularly take judicial notice of a prisoner's litigation history in federal courts when determining whether the prisoner has accrued three strikes under § 1915(g). *See, e.g.*, *Lloyd v. Benton*, 686 F.3d 1225, 1226 (11th Cir. 2012) (noting the district court took "judicial notice of [the prisoner's] status as a 'three strikes' litigant under the PLRA"); *Lee v. Fla. Dep't of Corr.*, 2025 WL 1113423, at *1 & n.1 (S.D. Fla. Apr. 15, 2025) (taking judicial notice of the prisoner's prior federal lawsuits to dismiss the action under the "three-strikes" rule); *Burton v. Walker*, 2025 WL 241115, at *2 (M.D. Ala. Jan. 17, 2025) (taking judicial notice of its own records to evaluate the prisoner's three-strikes status under § 1915(g)); *see generally United States v. Glover*, 179 F.3d 1300, 1303 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts." (citation and internal quotations marks omitted)). Moreover, the final dispositions of a prisoner's prior federal lawsuits "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The provided list of Plaintiff's "strikes" may not be exhaustive.

No. 1:18-cv-0109-TFM-MU (S.D. Ala. filed Mar. 8, 2018) (dismissed on September 16, 2019, under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous), ECF Nos. 23, 25, 26; and *McQueen v. Hale*, Civil Action No. 2:18-cv-2019-MHH-GMB (N.D. Ala. filed Dec. 7, 2018) (dismissed on January 29, 2020, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief), ECF Nos. 9, 12, 13.  These summary dismissals place Plaintiff in violation of § 1915(g).  Consequently, federal district courts in Alabama have dismissed as least sixteen civil actions filed by Plaintiff as barred by § 1915(g)'s three-strikes provision. *See McQueen v. Shelby Cnty. Sheriff Dep't*, Civil Action No. 2:24-cv-1124-AMM-HNJ (N.D. Ala. filed Aug. 16, 2024), ECF No. 3 at 3–4 (citing the sixteen actions).

Because Plaintiff has accrued three strikes under § 1915(g), he cannot proceed *in forma pauperis* in this case unless he was "in imminent danger 'at the time that he s[ought] to file his suit in district court.'" *Daker*, 999 F.3d at 1310–11 (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)) (alterations added). Allegations of past harm do not satisfy the requirements of the statutory exception. *Id.*; *see also Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient."). Additionally, generalized assertions, lacking "specific fact allegations" to demonstrate that serious physical injury is imminent, are insufficient to trigger the exception under § 1915(g). *Medberry*, 185 F.3d at 1193; *see also Daker*, 999 F.3d at 1311 (holding that

"[g]eneral assertions … are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury'" (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)).  In assessing whether a prisoner has shown "imminent danger of serious physical injury" under § 1915(g), the court considers the complaint, in its entirety, "construing it liberally and accepting its allegations as true." *Daker*, 999 F.3d at 1311 (quoting *Brown*, 387 F.3d at 1350).

Plaintiff, who was incarcerated at the Limestone Correctional Facility when he filed his Complaint, names the State of Alabama and several entities. (Doc. # 1 at 1.)  He alleges that the incidents forming the basis of his action occurred at multiple places, including "Jefferson County Circuit Court and Jail, Department of Corrections" and that unnamed individuals at the Bullock Correctional Facility and Fountain Correctional Facility violated his constitutional rights. (Doc. # 1 at 2.) Plaintiff alleges that these violations occurred between September 20, 2005, and September 10, 2024. (Doc. # 1 at 2.) The grounds upon which he bases his constitutional claims expand the list of violators and include the following allegations.  First, Plaintiff alleges that at unspecified times, unnamed parole boards, circuit courts, federal district courts, police officers, correctional officers, the justice department, supreme courts, and Jefferson County jails have not been truthful.

5

These untruths have resulted in gang members in prison getting "high" on cocaine and "putting hit[s] on [Plaintiff's] head." (Doc. # 1 at 3 (alterations added).) Second, Plaintiff contends that these gang members, in collusion with correctional officers, continue to threaten his life. He also references a case—Milton King v. Eric Pearson—in which he says false testimonies were allegedly obtained for payment. (Doc. # 1 at 3.) Third, Plaintiff contends that unnamed officials are lying to authorities, resulting in his false imprisonment and his physical endangerment at the Limestone Correctional Facility. (Doc. # 1 at 3.) He seeks $500 billion in damages for "official[s] not telling the truth." (Doc. # 1 at 4.)

Plaintiff's Complaint, as a whole, fails to trigger the exception to the three-strikes provision under § 1915(g). The allegations do not demonstrate that Plaintiff faced imminent danger of serious physical injury at the time he filed his Complaint on September 10, 2024.[3] His allegations, which include a time frame of nearly twenty years, encompass disqualifying past harms and otherwise are vague and generalized, lacking "specific fact allegations" to demonstrate the imminent danger required by § 1915(g). *Medberry v. Butler*, 185 F.3d at 1192–93 (11th Cir. 1999); *see also McQueen v. Mathis*, 2022 WL 7675161, at *2 (N.D. Ala. Oct. 13, 2022)

---

[3] Plaintiff's Complaint was docketed on September 30, 2024. However, because the complaint is dated September 10, 2024, it is deemed to have been filed on September 10, 2024, by operation of the prison mailbox rule. *See Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (per curiam) (explaining that, under the prison mailbox rule, a prisoner's motion is presumed filed on the date it is signed, absent contrary evidence).

(rejecting the plaintiff's claim of "imminent danger of serious physical injury" based on "'[h]its hav[ing] been placed on [his] head by criminal[s] in and out of prison due to' a 'wrongful, unlawful incarceration,'" finding that the plaintiff's conclusory assertion, unsupported by specific factual allegations, was insufficient to overcome § 1915(g)'s three strikes bar) (second alteration added)). Additionally, some of Plaintiff's allegations are not personal to him but are grievances about the alleged mistreatment of other inmates. Such generalized claims, which do not allege an injury specific to Plaintiff, also do not satisfy the requirements of § 1915(g).

Accordingly, dismissal of this action is required based upon Plaintiff's failure to pay the full filing fee upon initiation of this case.

**B.     Plaintiff's Failure to Obey a Court Order**

Alongside the filing of his Complaint, Plaintiff submitted a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. # 2.) However, he did not file the required documentation from his detention facility's inmate account clerk showing his average monthly balance and average deposits to his inmate account over the six months immediately preceding the filing of his complaint. Thus, on March 7, 2025, the court entered an Order requiring Plaintiff to submit the required documentation by March 21, 2025, and warning Plaintiff that a failure to comply would result in dismissal of his action without further notice ("March 7 Order"). (Doc. # 3.) The

March 7 Order was not returned to the Court as undeliverable. To date, Plaintiff has not filed an account statement or otherwise responded to the court's directives.

Plaintiff's failure to comply with the March 7 Order also warrants dismissal of this action without prejudice. A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure to comply with court orders is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a

finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Although not required for such a dismissal, the court finds a clear record of delay and willful disregard of the court's Order, given the extended period of non-compliance and the notice provided. It further concludes that no lesser sanction than dismissal would be effective. *See id.*

**C.    Conclusion**

Plaintiff is ineligible to proceed *in forma pauperis* because he has three strikes under 28 U.S.C. § 1915(g) and does not qualify for the statutory exception. He also has not complied with the March 7 Order. For these reasons, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 15th day of September, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE